# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| YARSLOV CHURUK, | ) | Case No. 3:22-cv-1385 (KAD) |
| | ) | |
| *Petitioner*, | ) | |
| v. | ) | |
| | ) | |
| PULLEN, | ) | JULY 28, 2023 |
| *Respondent*. | ) | |

## MEMORANDUM OF DECISION
## RE: RESPONDENT'S MOTION TO DISMISS (DOC NO. 16)

The Petitioner, Yarslov Churuk ("Churuk"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking expungement of disciplinary incident reports. In response to an Order to Show Cause, the Respondent filed a motion to dismiss the Petition on the grounds that Churuk did not properly exhaust his administrative remedies[1] before commencing this action and that the Petition fails to state cognizable claims for relief. For the following reasons, the motion to dismiss is GRANTED.

**Background**

Churuk alleges that between June 22, 2021 and August 17, 2021, he was found guilty on eight incident reports for refusing to obey an order. On each report, he was sanctioned with loss of email, phone or visiting privileges for a period of 60 to 180 days. Churuk also alleges that, as a result of the reports, his custody score was raised, which "makes him closer to being transferred to a medium security facility." *See* Doc. No. 1 ("Pet.") ¶¶ 2–3. The incident reports were issued during the 101 days that Churuk was on a hunger strike. *See id.* ¶ 7. During this time, Churuk alleges that he was very weak and dehydrated and was unable stand or walk without assistance.

---

[1] Because the Court dismisses the Petition for failing to state a cognizable claim, the Court does not address the question of administrative exhaustion.

*See id.* ¶¶ 8–11. These events occurred while Churuk was confined at Federal Correctional Institution ("FCI") Fort Dix. *See id.* ¶ 13.

Churuk was subsequently transferred to FCI Danbury. *See id.* ¶ 13. He alleges that he never received copies of any of the incident reports. *See id.* ¶ 12. However, he concedes in opposition to the motion to dismiss that the reports were found in the property he received in April 2022, presumably after his arrival at FCI Danbury. *See* Doc. No. 17 ("Pet. Resp.") at 2. On May 20, 2022, Churuk's counselor provided him with a memorandum stating that Churuk had requested copies of the incident reports, but the reports could not be found in the electronic central file or Churuk's central file. *See* Pet. ¶ 13.

In September 2022, Churuk requested administrative remedy forms from Counselor Canarozzi. In the request, he stated, "if you do not give me the remedies requested [I] will proceed with civil action with the district court...[I] will add you as a defendant because you are conspiring to with-hold remedy process..." *Id.* ¶ 15. On September 28, 2022, Counselor Canarozzi issued Churuk a disciplinary report for insolence to a staff member based on this language and told Churuk he would report the language as a threat. *See id.* ¶ 16.

**Discussion**

*Joinder of Claims*

Churuk states that this action concerns eight incident reports issued to him at FCI Fort Dix in mid-2021. *See id.* ¶¶ 2–3. In his description of the facts, however, he describes another disciplinary charge issued at FCI Danbury in September 2022. It is unclear whether Churuk challenges the ninth charge in this action or whether it is offered only in relation to his effort to exhaust his administrative remedies. If this incident is intended to be included as part of the

Petition, it is improperly joined.

The Rules Governing Section 2254 Cases, which also apply to cases arising under 28 U.S.C. Section 2241, do not contain a joinder provision. *See* Rules Governing Section 2254 Cases 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)," which specifically describes Section 2254 petitions). Thus, the Court looks to the Federal Rules of Civil Procedure to determine whether Churuk's claims are properly joined. *See* Rules Governing Section 2254 Cases 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus...to the extent that the practice in those proceedings...is not specified in a federal statute [or] the Rules Governing Section 2254 Cases...").

Federal Rule of Civil Procedure 18(a) permits a plaintiff to join "as many claims as it has against an opposing party." Rule 20 permits the joinder of claims against several defendants in one case only if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Churuk's claims relate to two separate time periods and incidents. The first eight reports were made at FCI Fort Dix and concern incidents occurring while Churuk was on a hunger strike. The last report was issued over a year later at a different correctional institution—FCI Danbury—and relates to an alleged threat by him against his counselor. As the reports occurred at different facilities and are unrelated in time or subject matter, the claims would be improperly joined in this Petition. Accordingly, the claim relating to the report issued at FCI Danbury is severed from this action. *See* Fed. R. Civ. P. 21 ("The court may...sever any claim

against a party."). If Churuk wishes to pursue this claim, he may do so in a separate petition. *See, e.g., Hodge v. Rivers*, No. 7:20CV00570, 2021 WL 48638, at *4 (W.D. Va. Jan. 6, 2021) (severing claims concerning different hearing officers and events unrelated in time and place).

*Failure to State a Cognizable Claim*

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to Section 2241 may be used to challenge the execution of a prison sentence, and thus, Section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006). A claim seeking to expunge disciplinary sanctions from a federal prisoner's record is a challenge to the execution of his sentence and, therefore, generally cognizable under Section 2241. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). And although it is well-established that prison inmates possess a liberty interest in good-time credit, *see Wolff v. McDonnell,* 418 U.S. 539, 555–57 (1974), such that the Due Process Clause protects against the revocation of good-time, "it does not provide the same level of protection against the imposition of other forms of discipline." *Reynolds v. Williamson*, 197 F. App'x 196, 198 (3d Cir. 2006). And courts within the Second Circuit have consistently held that claims arising out of the loss of privileges—because they do not impact the length or calculation of a prisoner's sentence—are not cognizable under Section 2241. *See Hernandez v. Lindsay*, No. 08-CV-01495 (SJF), 2011 WL 3163078, at *3 (E.D.N.Y. July 22, 2011) (collecting cases). Indeed, "[s]anctions that result in the loss of commissary and other non-custodial privileges have only a tangential and speculative impact on the imposition of future administrative sentences imposed on a prisoner." *Nimmons v. Schult*, No. 9:07-CV-927

4

(LEK/VEB), 2008 WL 5056744, at *3 (N.D.N.Y. Nov. 24, 2008) (internal quotations and citation omitted).

.        Here, as a result of the eight incident reports, Churuk was sanctioned with loss of social visits, phone privileges, and email privileges. His security level score was also raised. Respondent argues that these sanctions do not implicate constitutional rights and are therefore insufficient to support a claim under Section 2241.[2] The Court agrees with Respondent. *See Hernandez*, 2011 WL 3163078, at *2 (dismissing Section 2241 challenge to loss of visitation and commissary privileges); *see also Homen v. Hasty*, 229 F. Supp. 2d 290, 295 (S.D.N.Y. 2002) (dismissing Section 2241 challenge to loss of visitation, telephone, and commissary privileges). The claims arising out of the incident reports and the resulting discipline are dismissed.

With respect to the increase in his classification score, Churuk alleges that, due to the incident reports, his custody score was raised "mak[ing] him closer to being transferred to a medium security facility." *See* Pet. ¶ 2. Although a Section 2241 petition is available for a prisoner to challenge an allegedly erroneous custody classification, "courts have held that a prisoner's classification and designation in the BOP system does not rise to the level of a constitutional violation" unless the classification "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, or that the BOP's action will inevitably affect the duration of his sentence." *United States v. Lewis*, No. 17-CR-28-FPG, 2021 WL 1206511, at *2

---

[2] In opposition to the motion to dismiss, Churuk alleges that he "is being targeted for filing his § 2255 petition in his criminal case." *See* Pet. Resp. at 3. Churuk does not include a claim for retaliation in his Petition. The only reference to retaliation is in connection with the incident report issued at FCI Danbury. Churuk cannot amend his Petition to include a new claim in a memorandum. *See Parker v. Nash*, No. 3:23-cv-183 (KAD), 2023 WL 3956632, at *1 (D. Conn. May 4, 2023) (citing *Wilson v. Baird*, No. 3:11-cv-1304 (MRK), 2012 WL 2154209, at *5 (D. Conn. June 13, 2012)). Further, in *Forde v. Zickefoose*, 612 F. Supp. 2d 171 (D. Conn. 2009), the court held that Section 2241 is an improper vehicle for a retaliation claim where the prisoner is not being retaliated against on a continuing basis or being illegally held as a result thereof at the time the petition was filed. *See id.* at 184-85.

(W.D.N.Y. Mar. 31, 2021) (quoting *United States v. Sanford*, No. 07-CR-401 (JS), 2014 WL 2208172, at *2 (E.D.N.Y. May 28, 2014) (internal quotation marks omitted)); *see also Collins v. Schult*, No. 9:08-CV-01230 (TJM), 2010 WL 411055, at *4 (N.D.N.Y. Jan. 27, 2010) ("The Second Circuit has also noted that 'judicial intervention into the classification of prisoners for monitoring and control purposes would almost inevitably involve the federal courts in the day-to-day operations of our prison system, which are better left to the expertise of prison administration authorities.'") (quoting *Pugliese v. Nelson*, 617 F.2d 916, 925 (2d Cir. 1980)). *See also Sandin v. Connor,* 515 U.S. 472, 484 (1995) (Inmates have a constitutionally protected liberty interest in avoiding only those restraints which impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.)

Churuk alleges only that his raised custody score might make it more likely that he will be transferred to a higher security facility. First, any transfer, and therefore impact on Churuk, is wholly speculative. He has not alleged an actual constitutional deprivation arising from his increased classification score. Second, Churuk has not alleged that, even if he were transferred, he would be subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life, thus implicating constitutional protections. *See United States v. Jones*, 869 F. Supp. 2d 373, 377 n.1 (E.D.N.Y. 2012) (BOP has full discretion over inmate classification and place of imprisonment; inmates have no legitimate constitutional entitlement to any particular classification or to be housed in any particular facility sufficient to invoke due process) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)). Nor is there any claim that the classification score will "inevitably affect the duration of his sentence." *United States v. Lewis*, 2021 WL 1206511, at *2. The claim arising out of Churuk's classification score and or classification is therefore dismissed.

**Conclusion**

If Churuk intends to assert a claim relating to the report issued at FCI Danbury in this action, the claim is **SEVERED** from this action pursuant to Federal Rule of Civil Procedure 21.

Respondents' motion to dismiss the petition for writ of habeas corpus [**Doc. No. 16**] is **GRANTED** as to the claims relating to the reports issued at FCI Fort Dix. Any appeal of this order would not be taken in good faith and thus a certificate of appealability will not issue. The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 28th day of July 2023 at Bridgeport, Connecticut.

*/s/ Kari A. Dooley*
Kari A. Dooley
United States District Judge